UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**TODD E. EDMONDS**                                                                                                                         **PLAINTIFF**

**v.**                                                                         **CIVIL ACTION NO. 3:23-CV-P237-JHM**

**LOUISVILLE METRO DEP'T OF CORR.** *et al.*                               **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims, allow others to proceed, and allow Plaintiff the opportunity to amend the complaint.

**I.**

Plaintiff is incarcerated as a pretrial detainee at the Louisville Metro Department of Corrections (LMDC). He lists the LMDC as the only Defendant. Although Plaintiff provided summons forms for LMDC Classification Supervisor David Puckett and LMDC official Meagan Kilkelly, he does not list them as Defendants in the complaint. Plaintiff also makes allegations against other individuals/entities in the body of the complaint but does not identify them as Defendants in this action.

Plaintiff first alleges that LMDC Director Jerry Collins and Kilkelly violated his rights by denying him the right to participate in "Ramadan/Islmic Services." Plaintiff alleges that he has not been allowed to attend a religious service in seventeen months. Plaintiff asserts that this violates his right to equal protection under the Fourteenth Amendment. The Court also construes this as a First Amendment free exercise claim and a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA).

Plaintiff next alleges that Collins and Puckett showed "deliberate indifference" to Plaintiff's health and/or safety by placing him in dormitories that were not handicap accessible even though Plaintiff is an "amputee (one leg)." Plaintiff states that due to their "deliberate indifference," he fell on two occasions when trying to use the shower in a non-handicap accessible bathroom and suffered injuries after both falls. Plaintiff also claims that these allegations show that his rights were violated under the American with Disabilities Act (ADA).

Plaintiff makes further allegations regarding the lack of medical care he received after his two falls. He states that he sustained injuries after both falls but did not receive the medical care he required. He specifically states that after the first fall, he injured his spine and arm and received only over-the-counter pain medication until he was taken to University of Louisville Hospital one month after the fall, where surgery was performed on his arm. Plaintiff also states that a physician at the University of Louisville Hospital ordered that he receive physical therapy for his spinal injuries for four to six weeks, one to two times per week, but that he only received physical therapy every two to three weeks. Although it is not clear, the Court construes the complaint as making these allegations against "LMDC Medical Department (Wellpath)."

Finally, Plaintiff alleges that LMDC Grievance Counselors Charlene Bell and Stephanie Brown violated his rights by "repeatedly denying him access to the courts when they failed to follow policy in dealing with the Plaintiff's grievances." Plaintiff states that he has filed a number of grievances and never received a response.

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under

§ 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### A. 42 U.S.C. § 1983

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### 1. Defendant LMDC

LMDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000). In this situation, Louisville Metro Government (LMG) is the proper Defendant. *See Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

When a § 1983 claim is made against a municipality such as LMG, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

Here, Plaintiff does not allege that any harm he suffered was the result of a custom or policy implemented or endorsed by LMG. Thus, his constitutional claims against LMDC/LMG must be dismissed for failure to state a claim upon which relief may be granted.

### 2. LMDC Medical Department (Wellpath)

Although Plaintiff does not name any medical provider as a Defendant, Plaintiff makes allegations regarding his failure to receive adequate medical care after his falls and his failure to receive physical therapy as prescribed. Because Plaintiff references the "LMDC Medical Department (Wellpath)" in the complaint, the Court presumes that it is Wellpath, the entity that LMDC ostensibly contracts with to provide medical care to inmates, that Plaintiff brings these claims against. The Sixth Circuit has held that the same analysis that applies to § 1983 claims brought against municipalities applies to private corporations contracted to provide medical services to inmates. *See, e.g., Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (recognizing that a "*Monell* custom or policy claim" can be brought under § 1983 against a private corporation that provides medical care to inmates); *see also Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (applying *Monell*'s municipal liability standard to the private corporation that had been contracted to operate a jail) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)).

In the instant case, Plaintiff does not assert that any alleged violation of his constitutional rights was the result of a custom or policy implemented or endorsed by Wellpath. Thus, even if Plaintiff had named Wellpath as a Defendant, this claim would still be dismissed for failure to state a claim upon which relief may be granted.

However, before dismissing Plaintiff's medical-care claims, the Court will provide Plaintiff the opportunity to amend the complaint to name as Defendants in their individual

5

capacities the individuals who allegedly failed to provide him adequate medical care. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

### 3. First Amendment Free Exercise

As set forth above, Plaintiff alleges that LMDC Director Collins and Kilkelly violated his rights by denying Plaintiff the right to participate in "Ramadan/Islmic Services." Plaintiff alleges that he has not been allowed to attend a religious service in seventeen months. He contends that this constitutes "discrimination" since "100's" of other inmates are allowed to participate in religious services.

Because Plaintiff has not named Director Collins or Kilkelly as Defendants in this action, Plaintiff fails to state a claim against either under the First Amendment. However, before dismissing these claims, the Court will provide Plaintiff the opportunity to amend the complaint to name Collins and Kilkelly as Defendants in their individual capacities.

### 4. Fourteenth Amendment Equal Protection

As above, because Plaintiff has not named LMDC Director Collins nor Kilkelly as Defendants in this action, his equal protection/"discrimination claim" against them fails to state a claim upon which relief may granted. However, if Plaintiff amends the complaint to name to name Collins and Kilkelly as Defendants and indicates that he sues them in their individual capacities, the Court will allow these claims to proceed.

### 5. Fourteenth Amendment Health/Safety Claim

Plaintiff next alleges that LMDC Director Collins and LMDC Classification Supervisor Puckett showed "deliberate indifference" to Plaintiff's health and/or safety by placing him in

dormitories that were not handicap accessible even though Plaintiff is an amputee. Plaintiff states that due to their "deliberate indifference," he fell on two occasions when trying to use the shower in a non-handicap accessible bathroom and suffered serious injuries after one of the falls.

Because Plaintiff has not named Collins or Puckett as a Defendant in this action, Plaintiff fails to state a claim against either under the Fourteenth Amendment. However, before dismissing these claims, the Court will provide Plaintiff the opportunity to amend the complaint to name Collins and Puckett as Defendants in this action and to sue them in their individual capacities. If Plaintiff so amends the complaint, the Court will allow Fourteenth Amendment claims to proceed against Defendants Collins and Puckett based upon their alleged disregard for Plaintiff's health/safety in light of his alleged disability.

### 6. Grievance Concerns

The Court next turns to Plaintiff's allegations that LMDC Grievance Counselors Charlene Bell and Stephanie Brown violated his rights by "repeatedly denying him access to the courts when they failed to follow policy in dealing with the Plaintiff's grievance." Plaintiff states that he has filed a number of grievances that he has never received a response to.

Prisoners do not possess a constitutional right to a prison grievance procedure. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. Oct. 30, 2003) ("there is no inherent constitutional right to an effective grievance procedure") (citing cases). For this reason, the denial of a grievance or the failure to act based upon information contained in a grievance fails to state a claim under § 1983. *Gibbs v. Laughhunn*, No 16-1771, 2017 U.S. App. LEXIS 13760, at *5 (6th Cir. Feb. 2, 2017);

*see also LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding plaintiff's allegation that jail staff ignored the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional rights to an effective grievance procedure").

For these reasons, the Court will dismiss Plaintiff's grievance-related claims for failure to state a claim upon which relief may be granted.

### B. Other Claims

#### 1. RLUIPA Claim

Since Plaintiff alleges that he has not been allowed to attend religious services in seventeen months, <u>the Court will allow a RLUIPA claim to proceed against LMG for injunctive relief</u>.

#### 2. ADA Claim

Based upon Plaintiff's allegation that he was placed in a non-handicap accessible dorm even though he is an amputee, <u>the Court will allow a claim under Title II of the ADA to proceed against LMG</u>.

### IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. The Court allows Plaintiff's RLUIPA and ADA claims to proceed against LMG.

2. The Court **DISMISSES** Plaintiff's § 1983 claims against LMG, his Fourteenth Amendment medical-care claims against Wellpath, and his grievance-related claims pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

3. Within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint** in which he names LMDC Director Jerry Collins, LMDC Supervisor David Puckett, and LMDC official Meagan Kilkelly as Defendants in this action and

sues them in their individual capacities. In the **amended complaint,** Plaintiff may also name as Defendants any individual who denied him medical care after his falls; sue these Defendants in their individual capacities; and describe the actions taken or not taken by each of these Defendant with regard to his medical care.

4. If Plaintiff timely files such an amended complaint, the Court will allow Plaintiff's claims against Collins, Puckett, and Kilkelly to proceed and will conduct an initial review of Plaintiff's claims against any other newly-named Defendant. If Plaintiff fails to file such an amended complaint, the claims against Collins, Puckett, and Kilkelly and his medical care claims will be dismissed for failure to state a claim upon which relief may be granted, and the Court will enter a Service and Scheduling Order to govern the development of Plaintiff's continuing RLUIPA and ADA claims against LMG.

5. The **Clerk of Court** is **DIRECTED** to replace Defendant "Louisville Metro Department of Corrections" with "Louisville Metro Government" on the docket sheet.

6. The **Clerk of Court** is further **DIRECTED** to send Plaintiff a § 1983 prisoner complaint form with the word "Amended" and this case number written in the caption as well as four blank summons forms.

Date: September 21, 2023

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Jefferson County Attorney
4414.011