**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**TODD E. EDMONDS** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:23-CV-P237-JHM**

**LOUISVILLE METRO DEP'T OF CORR. *et al.*** **DEFENDANTS**

**INITIAL REVIEW OF AMENDED COMPLAINT AND SERVICE AND SCHEDULING ORDER**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. By prior Memorandum Opinion and Order, the Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A and allowed a Religious Land Use and Institutionalized Persons Act claim and a claim under Title II of the Americans with Disabilities Act to proceed against the Louisville Metro Government (DN 11). Therein, the Court also provided Plaintiff the opportunity to file an amended complaint to name certain officials as Defendants and to sue them in their individual capacities. Plaintiff has now filed such an amended complaint (DN 13). Upon review of the amended complaint, the Court will allow the following individual-capacity claims to proceed – First Amendment free-exercise claims against Defendants Jerry Collins and Meagan Kilkelly; Fourteenth Amendment equal-protection claims against Defendants Collins and Kilkelly; Fourteenth Amendment claims for deliberate indifference to Plaintiff's health/safety against Defendants Collins, David Puckett, Renesha Stone, and Jeri Hayden; and Fourteenth Amendment claims for deliberate indifference to a serious medical need against Defendants Stone and Hayden. In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

To govern the development of this action, **IT IS ORDERED** as follows:

(1) **The Clerk of Court shall issue summonses for Defendants Collins, Puckett, Kilkelly, Stone, and Hayden, and the United States Marshal shall serve a copy of the complaint (DN 1), the Memorandum Opinion and Order entered September 21, 2023 (DN 11), the amended complaint (DN 13), this Service and Scheduling Order, and summonses on these Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. A copy of these documents shall also be served upon the Jefferson County Attorney.**

(2) Should Plaintiff receive notice that a summons is returned to the Court unexecuted, **Plaintiff is WARNED that he must take steps to remedy the defect in service** by providing additional information for that Defendant to the Court. **Failure to do so within 90 days of entry of this Order may result in dismissal of that Defendant.** *See* Fed. R. Civ. P. 4(m).

(3) The answer to the complaint shall be filed no later than **21 days** after service of summons. Insofar as is practicable, the answer is to restate in separate paragraphs the allegations of the complaint, followed by Defendants' answer.

(4) The parties shall serve upon each party, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service, if required. *See* Fed. R. Civ. P. 5.

(5) The parties shall complete all pretrial discovery herein no later than **February 21, 2024**. As a requirement of discovery, Defendants' counsel shall produce to Plaintiff all records or documentation relevant to the claims the Court has allowed to proceed. **Counsel shall certify that the production is complete and shall file the certification with the Court**. Within the same time, Plaintiff shall provide counsel for Defendants any records or documentation relevant to his

continuing claims. **<u>Plaintiff shall certify that production is complete and shall file the certification with the Court</u>**. A party who wishes to file discovery material with the Court must comply with Federal Rule of Civil Procedure 5(d). *See* Fed. R. Civ. P. 5(d)(1) ("[T]he following discovery requests and responses *must not* be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents . . ., and requests for admission.") (emphasis added).

(6) This Order does not override a party's responsibility to timely and completely respond to any discovery requests made pursuant to Federal Rules of Civil Procedure 33, 34, and 36, nor does it prevent a party from otherwise engaging in discovery that is consistent with the Federal Rules of Civil Procedure.[1]

(7) No later than **March 22, 2024**, Plaintiff shall file a pretrial memorandum setting forth in detail all facts upon which he bases his claim in this matter against Defendants.

(8) No later than **April 22, 2024**, Defendants shall file a pretrial memorandum. In lieu thereof, or if Plaintiff fails to file the required pretrial memorandum, Defendants may file any dispositive motions, including a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

(9) Either party may file dispositive motions at any time after providing the discovery required above or after providing sufficient reason why discovery is unnecessary for resolution of the pending motion. All dispositive motions shall be filed no later than **April 22, 2024**.

(10) If any party wishes additional time to complete any of the actions directed above, a motion requesting any such extension must be filed with the Court before any such deadline

[1] The Court notes, however, that this action is exempt from the initial disclosure requirements of Federal Rule of Civil Procedure 26. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv) ("The following proceedings are exempt from initial disclosure . . . (iv) an action brought without an attorney by a person in custody of the United States, a state, or a state subdivision.").

expires. Any such motion to extend any time should indicate the reasons for extension. The Court will not grant an extension unless good cause is shown.

(11) Should Plaintiff change addresses during the pendency of this matter, he must provide written notice of a change of address to the Clerk of Court and to Defendants' counsel. *See* LR 5.3(e).

(12) Plaintiff is **WARNED** that his failure to notify the Clerk of Court of any address change or failure to comply with this or any subsequent order of the Court **MAY RESULT IN A DISMISSAL OF THIS CASE**.

(13) The Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the ***Pro Se*** **Prisoner Handbook**.

Date: October 24, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants (as directed above)
Jefferson County Attorney (as directed above)
4414.011