FILED
JAMES J. VILT, JR. - CLERK
APR 2 1 2026
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TODD E. EDMONDS                                    PLAINTIFF

V. CIVIL ACTION NO 3:25-CV-P237-JHM

LOUISVILLE METRO GOVERNMENT ET AL.    DEFENDANTS

PLAINTIFF RESPONSE TO DEFENDANTS
LMG, KILKELLY, COLLINS AND PUCKETT
MOTION FOR SUMMARY JUDGMENT

COMES THE PLAINTIFF, TODD EDMONDS PRO, SE IN RESP-
ONSE TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT.

ARGUMENTS

(1) PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES.

A. PLAINTIFF FAILED TO GRIEVE THE ISSUES RELATED TO HIS SAFETY
AND ACCESSIBILITY CONCERNS.

RESPONSE: PLAINTIFF STATES HE DID FILE A GRIEVANCE CON-
CERNING HIS SAFETY AND ACCESSIBILITY, AND NEVER RECEIVED
A RESPONSE OR EVEN A COPY OF HIS GRIEVANCES. THE PLAINT-
IFF EVEN FILED ANOTHER GRIEVANCE CONCERNING THESE
GRIEVANCE'S, HE NEVER RECEIVED A RESPONSE TO. SEE EXHIBIT (A)

(1)

THE PLAINTIFF WENT ABOVE AND BEYOND TRYING TO EXHAUST HIS ADMINISTRATIVE REMEDIES DEALING WITH HIS SAFETY AND ACCESSIBILITY CONCERNS AND OTHER ISSUE'S, BUT THE JAIL GRIEVANCE SYSTEM DENIED EVERY STEP OF THE WAY.

BEFORE BRINGING HIS COMPLAINT BEFORE THIS HONORABLE COURT, THE PLAINTIFF CONTACTED THE U.S DEPT OF JUSTICE, HON. REBECCA GRADY JENNING (DISTRICT JUDGE) U.S DISTRICT COURT (WESTERN DISTRICT OF KENTUCKY) AMBER DUKE OF THE KENTUCKY A.C.L.U, AND OTHER AGENCIES ABOUT THE GRIEVANCE SYSTEM IN THE JAIL NOT WORKING AND NOT ALLOWING THE PLAINTIFF TO EXHAUSTING HIS ADMINISTRATIVE REMEDIES. SEE EXHIBIT (B)(C)

PLAINTIFF, WROTE DEFENDANT COLLINS ON A NUMBER OF OCCASIONS COMPLAINTING ABOUT HIS LIVING CONDITION, NOT BEING ABLE TO EXHAUST HIS ADMINISTRATIVE REMEDIES AND OTHER MATTERS, AND NEVER RECEIVED A RESPONSE. IN DISCOVERY (ADMITION) DEFENDANT COLLINS ADMITTED THAT HE HAS RECEIVED SOME LETTERS FROM THE PLAINTIFF, BUT DOE'S NOT KNOW IF HE HAS RECEIVED THEM ALL. SEE EXHIBIT (D)(3).

IN DISCOVERY (ADMITION), DEFENDANT COLLINS ADMITTED THAT IT WAS HIS LEADERSHIP AS IT RELATED TO THE HANDICAP ACCESSIBILITY OF THE JAIL FACILITIES. SEE EXHIBIT (D)(4)

DEFENDANT COLLINS ALSO ADMITTED THAT THERE ARE POLICIES IN PLACE TO ASSURE HANDICAP/DISABLE INMATES TO BE HOUSED IN ACCESSIBLE HOUSING, SEE EXHIBIT (D)(4)

DEFENDANT COLLINS ALSO ADMITTED THAT HE WAS CONTACTED BY THE MAYOR'S OFFICE CONCERNING PLAINTIFF'S HOUSING IN

(2)

A NON-ACCESSIBLE HOUSING UNIT. SEE EXHIBIT (D)[(15)]

IN THE PLAINTIFF'S ORIGINAL COMPLAINT, THE PLAINTIFF FILED A COMPLAINT ON BOTH THE GRIEVANC PERSONEL FOR NOT ALLOWING THE GRIEVANCE SYSTEM TO WORK. THE PLAINTIFF CLAIM WAS DENIED BY THIS HONORABLE COURT, FOR REASON'S THAT "THERE WAS NO INHERENT CONSTITUTIONAL RIGHT TO AN EFFECTIVE GRIEVANCE PROCEDURE"

USUALLY, A PARTY IS REQUIRED TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES BEFORE SEEKING JUDICIAL RELIEF. EXHAUSTION IS GENERALLY REQUIRED AS A MATTER OF PREVENTING PREMATURE INTERFERENCE WITH AGENCY PROCESSES SO THAT THE AGENCY MAY (1) FUNCTION EFFICIENTLY AND HAVE THE OPPORTUNITY TO CORRECT ITS OWN ERRORS. (2) AFFORD THE PARTIES AND THE COURTS THE BENEFIT OF ITS EXPERIENCE AND EXPERTISE WITHOUT THE THREAT OF LITIGIOUS INTERRUPTION AND (3) COMPILE A RECORD WHICH IS ADEQUATE FOR JUDICAL REVIEW. BUT LIKE VIRTUALLY EVERY RULE OF LAW, HOWEVER, EXCEPTIONS TO THE DOCTRINE EXIST. THE EXCEPTIONS AROSE, GENERALLY, TO PREVENT PARTIES FROM NEEDLESSLY TRAVERSING THE ADMINISTRATIVE PROCESS WHEN DOING SO WOULD AMOUNT TO AN EXERCISE IN FUTILITY. SEE: POPPLEWELLS ALLIGATOR DOCK NO. IV. ALLIGATOR DOCK 456, 471 (KY. 2004) A PARTY IS NOT REQUIRED TO EXHAUST ALL ADMINISTRATIVE REMEDIES WHEN ATTACKING THE CONSTITIONALITY OF A STATUTE OR REGULATION AS VOID ON ITS FACE. THIS IS BECAUSE AN ADMINISTRATIVE AGENCY CANNOT DECIDE CONSTITUTIONAL ISSUES. "SEE: DLX, 42 S.W 3d AT 626

IN THIS INSTANCE, THE PLAINTIFF ASSERTS THAT EXHAUSTING ANY ADMINISTRATIVE REMEDIES WAS REDUNDANT AS HE SEEKS TO CHALLENGE THE CONSTITUTIONALITY OF A REGULATION, SPEC-

(3)

IFICALLY — 501 KAR 3:110. THE PLAINTIFF WAS BOOKED INTO LMDC HAVING HAD ONE OF HIS LEGS AMPUTATED AFTER A RECENT SURGERY. THE LMDC STAFF CLASSIFIED THE PLAINTIFF AS HAVING A PHYSICAL DISABILITY, BUT STILL HOUSED HIM IN SEVERAL DORMITORIES WITHOUT THE NECESSARY HANDICAP APPARATUS. AFTER FILING A GRIEVANCE CONCERNING THE ISSUE, AND NEVER RECEIVING A RESPONSE OR EVEN A COPY OF THE GRIEVANCE. PLAINTIFF WROTE DEFENDANT COLLINS ON A NUMBER OF OCCASIONS, TRYING TO GET MOVED, BUT NEVER RECEIVED A RESPONS. THE PLAINTIFF REQUESTED TO BE MOVED TO A DORM MORE APPROPRIATE TO HIS CONDITION. HE TURNED IN AN ACTION REQUEST TO DEFENDANT PUCKETT (CLASSIFICATION) ASKING TO BE MOVED TO AN HANDICAP APPARATUS, AND WAS INFORMED BY DEFENDANT PUCKETT THAT MEDICAL WOULD HAVE TO MAKE THAT DECISION, EVEN THOUGH HE KNEW THE PLAINTIFF HAD ONE LEG. THE PLAINTIFF WAS NOT RELOCATED AND ULTIMATELY FELL WHILE TRYING TO SHOWER, SUSTAING AN IRREPARABLE AMOUNT OF PHYSICAL INJURY AND EMOTIONAL DISTRESS. THE PLAINTIFF CHALLENGES THE CONSTITUTIONALITY OF 501 KAR 3:110, ASSERTING THAT NOTHING IN THE REGULATION MANDATES THAT JAILS HAVE TO PROVIDE HANDICAP FRIENDLY DORMS TO PRISONERS CLASSIFIED AS PHYSICALLY HANDICAP. SECTION 2 OF KAR 3:110 STATES: THE CLASSIFICATION SYSTEM SHALL PROVIDE FOR THE ASSESSMENT OF PRISONER RISK AND NEED, CONSIDERING ELEMENTS INCLUDING NEED FOR MEDICAL CARE AND NEED FOR MENTAL HEALTH CARE.

501 KAR 3:110, LAYS OUT THAT "EACH JAIL SHALL DEVELOP A PRISONER CLASSIFICATION SYSTEM WHICH SHALL BE INCLUDED IN THE FACILITY'S WRITTEN POLICY AND PROCEDURE MANUAL." THIS EMPHASIZES THE OBLIGATION TO CLASSIFY AND ACCESS THE

(4)

NEEDS OF THE PRISONER, YET, STOPS SHORT OF OUTLINING WHAT THOSE NEEDS ACTUALLY ENTAIL; SPECIFICALLY, IN REGARD TO THE NEEDS OF THE PHYSICALLY HANDICAP. AS IT STANDS, AS LONG AS A PRISONER IS ADEQUATELY CLASSIFIED AS SET OUT BY 501 KAR 3:110

(b.) <u>PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES ON HIS RELIGIOUS CLAIMS BEFORE FILING SUIT.</u>

DEFENDANT'S STATES THAT GRIEVANCE #9163 WAS FILED ON MARCH 29, 2023, AND WAS RECEIVED BY THE GRIEVANCE COUNSELOR ON APRIL 4, 2023. IT WAS RETURNED TO PLAINTIFF ON MAY 2, 2023. AGAIN, THE GRIEVANCE PROCEDURE FELLED THE PLAINTIFF. GRIE- VANCE PROCEDURE STATES RESPONSE TO THE GRIEVANCE SHALL BE WITHIN TEN (10) WORKING DAYS FROM RECEIPT OF THE GRIEVANCE UNLESS SPECIAL CIRCUMSTANCE REQUIRE ADDITIONAL ATTENTION, AND IF ANY CHANGES FROM THE REQUIRED TIME FRAMES SHALL BE DOCUMENTED ON THE GRIEVANCE WITH REASONS NOTED FOR THE DELAY. THIS DID NOT HAPPEN IN DEALING WITH THE PLAINTIFF GRIEVANCES.

POLICY STATES THAT THE PLAINTIFF SHOULD HAVE GOTTEN A RESPONSE IN (10) WORKING DAYS NO (25) OR (30) DAYS WITHOUT REASONS NOTED FOR THE DELAY.

ON GRIEVANCE #9195 4/25/23 IS WHEN HE APPEAL HIS GRIEVANCE, ON GRIEVANCE #9163 5-4-23 IS WHEN HE APPEAL HIS GRIEVANCE

POLICY ALSO STATES AN INMATE MAY NOT REGRIEVE AN ISSUE THAT HAS BEEN PERSONALLY GRIEVED WITHIN THE PAST (6) MONTH. SEE EXHIBIT (F)

(5)

IF THIS HONORABLE COURT WOULD NOTICE THAT ON GRIEVANCE #9195 WHERE THE PLAINTIFF CHECKED, WISH TO APPEAL. THE GRIEVANCE COUNSELOR SIGN AND DATED IT. ON GRIEVANCE #9163 IT WAS NOT SIGN OR DATED BY A GRIEVANCE COUNSELOR. ALSO THE DATE THE PLAINTIFF SUPPOSE TO HAVE RECEIVED HIS APPEAL WAS CHANGED ON #9195 SEE EXHIBIT (G)

DEFENDANTS STATED THAT PLAINTIFF CHECKED WISH TO APPEAL WHEN HE RECEIVED RESPONSE ON APRIL 26, 2023 TO HIS #1995 GRIEVANCE. THEY WANT THIS HONORABLE COURT TO BELIEVE THAT PLAINTIFF FILED HIS APPEAL ON APRIL 25, 2023. (A DAY BEFORE HE RECEIVED THE RESPONSE TO HIS GRIEVANCE) IT IS IMPOSSI-BALE TO FILE AN APPEAL IF YOU HAVE NO RESPONSE TO APPEAL. THIS IS ANOTHER EXAMPLE THAT THE GRIEVANCE SYSTEM IN THE JAIL IS CORRUPT AND IT IS IMPOSSIBE TO EXHAUST ADMIN-ISTRATIVE REMEDIES. (NOTE)(PLAINTIFF DID NOT AMEND HIS COMPLAINT UNTIL 10/16/23).

(b) SOME OF THE PLAINTIFF'S CLAIMS ARE TIME-BARRED

THE STATUTE OF LIMITATIONS PERIOD BEGINS TO RUN WHEN YOU FIND OUT OR SHOULD HAVE FOUND OUT-ABOUT THE INJURY THAT THAT YOU ARE COMPLAINING ABOUT. [281] FOR EXAMPLE, IF THE STAT-UTE OF LIMITATIONS IS THREE YEARS, YOU SHOULD HAVE THREE YEARS TO FILE YOUR COMPLAINT FROM THE DATE THAT YOU DISCOVERD OR SHOULD HAVE DISCOVERED THE INJURY. IF THE INJURY THAT VIOLATED YOUR RIGHTS CONTINUES OVER A PERIOD OF TIME - FOR EXAMPLE, FAILURE TO TREAT A MEDICAL CONDITION DESPITE REPEATED REQUESTS FOR MEDICAL CARE - THE STATUTE OF LIMITATIONS MAY NOT START TO RUN UNTIL THE END OF THE PERIOD OF INJURY.

(6)

IN THIS INSTANCE, THE PLAINTIFF DID NOT KNOW ABOUT HIS INJURIES FROM HIS FALL UNTIL 10/6/22, NINE (9) MONTHS AFTER WHEN HE WAS FINALLY TAKEN TO THE HOSPITAL. SINCE THE FALL, PLAINTIFF IS SUFFERING. HE HAVE HAD ATLEAST (40) OR MORE TRIGGER POINT INJECTIONS, HE HAD MEDIAL BRANCH BLOCK ON HIS C2, C3, C4 ON 4/3/2024 AND 11/19/24, AND ALSO A CERVICAL EPIDURAL STEROID INJECTION IN HIS C7-T1, AND IS SCHEDULE FOR OTHER PROCEDURES   SEE: EXHIBIT (H)

(C) <u>PLAINTIFF FAILED TO SUPPORT HIS DELIBERATE INDIFFERENCE CLAIMS AGAINST COLLINS AND PUCKETT</u>

AGAIN, IN THIS INSTANCE CASE, THE PLAINTIFF HAVE NOT FAILE TO SUPPORT HIS DELIBERATE INDIFFERENCE CLAIM AGAINST COLLINS AND PUCKETT.

PLAINTIFF WROTE LETTERS TO DEFENDANT COLLINS A NUMBER OF TIMES CONCERNING HIS HOUSING, IN WHICH DEFENDANT COLLINS ADMITTED TO. SEE EXHIBIT (D)[3]

PLAINTIFF FAMILY AND FRIENDS HAD THE MAYOR'S OFFICE TO CONTACT DEFENDANT COLLIN'S ABOUT HIM BEING IN A NON-ACCESSIBLE HOUSING UNIT. DEFENDANT COLLINS ALSO ADMITTED TO. SEE EXHIBIT (D)[15]

DEFENDANT PUCKETT TALKED TO THE PLAINTIFF FACE TO FACE ON A NUMBER OF OCCASIONS AND KNEW HE HAD "ONE LEG" AND STILL REFUSE TO HELP OR SAY ANYTHING TO GET THE PLAINTIFF TO A HANDICAP ACCESSIBLE HOUSING.

BOTH DEFENDANT COLLINS AND PUCKETT BOTH ACTED INTENT-

(7)

IONALLY IN A MANNER THAT PUTS THE PLAINTIFF AT SUBSTANT-IAL RISK OF HARM, WITHOUT TAKING REASONABLE STEPS TO ABATE THAT RISK, AND BY FAILING TO DO SO ACTUALLY CAUSE THE PLAINTIFF INJURIES.

DEFENDANT COLLINS AND PUCKETT IS JUST AS MUCH FOR THE PLAINTIFF'S INJURIES AS THE MEDICAL DEPARTMENT IS, BECAUSE THEY BOTH KNEW THE RISK OF BEING INJURED IF HE WAS HOUSED IN A NON-HANDICAP ACCESSIBLE HOUSING WITH ONE-LEG. DEFENDANT COLLINS HAD ALL THE AUTHORITY TO DETERMINE WHERE THE PLAINTIFF COULD BE HOUSED ON THE ACCOUNT OF HIS AMPUTEE STATUS. SEE EXHIBIT (D).[4]

## II. PLAINTIFF'S RLUIPA, FREE EXERCISE, AND EQUAL PROTECTION CLAIM FAIL.

### (A). PLAINTIFF'S RLUIPA CLAIM IS MOOT.

### (B) PLAINTIFF HAS FAILED TO SUPPORT HIS FREE EXERCISE CLAIM.

"PLAINTIFF HAVE NOT FAILED TO SUPPORT HIS FREE EXERCISE CLAIM." IN THE RESPONSE TO HIS GRIEVANCE, DEFENDANTS NEVER SAID ANYTHING ABOUT THE RESTRICTION PLACED ON J2 INMATES FROM PARTICIPATING IN GROUP CLASSES OF ANY SORT. INSTEAD THEY STATED THAT CHAPLIN WHITLOW IS ARRANGING RELIJIONS SERVICES FOR INMATES ASSIGNED TO THE MEDICAL UNIT. SEE EXHIBIT (G) INMATE DIN START RECEIVING RELIGIOUS SERVICE ON THE (2) FLOOR J2 ON JUNE 12, 2023. AFTER AT LEAST TWO YEARS. AND THIS WAS STOPED ONE AND AHALF MONTHS LATER.

NOTE: ALL FEMALES HOUSED IN THE JAIL, WAS HOUSED ON THE SECOND (2) FLOOR, WHICH WAS NOT OFFERED ANY RELIJION SERVICE AS WELL.

(8)

IV. COLLINS, KILKELLY AND PUCKETT ARE ENTITLED TO QUALIFIED IMMUNITY.

DEFENDANT COLLINS, KNEW ABOUT THE WRONG THAT BEING DONE TO THE PLAINTIFF, BUT DID NOT TRY TO STOP OR FIX IT; OR FAILED TO OVERSEE THE PEOPLE WHO CAUSED THE WRONG ~~THE WRONG~~. PLAINTIFF WROTE DEFENDANT SEVERAL LETTERS TELLING HIM WHAT WAS GOING ON, AND EVEN HAD THE MAYOR OFFICE TO CONTACT HIM ABOUT THE PLAINTIFF'S HOUSING. YET DEFENDANT DID NOTHING TO STOP OR FIX IT. THEREFORE HOW CAN HE SEEK IMMUNITY. SEE UNITED STATES V. GEORGIA, 546 U.S. 151, 126 S. CT. 877, 163 L. Ed. 2d 250 (2006). (HOLDING THAT THE AMERICANS WITH DISABILITIES ACT CREATES A RIGHT TO SUE STATES FOR DAMAGES FROM VIOLATIONS OF THE FOURTEENTH AMENDMENT) SEE HAFER V. MELO, 502 U.S. 21, 31, 112 S. CT. 358, 365, 116 L. Ed. 2d 301, 313 (1991) (FINDING STATE OFFICIALS, SUED IN THEIR INDIVIDUAL CAPACACITIES, TO BE "PERSONS" WITHIN THE MEANING OF SECTION 1983, AND NOT ABSOLUTELY IMMUNE FROM PERSONAL LIABILITY OR BARREN FROM BEING SUED UNDER THE ELEVENTH AMENDMENT). SEE PENNSYLVANIA DEPT. OF CORR. V. YESKEY, 524 U.S. 206, 118 S. CT. 1952, 141 L. Ed. 2d 215 (1998 (HOLDING THAT THE PROTECTIONS OF THE AMERICANS WITH DISABILITIES ACT EXTEND TO STATE PRISONER) ALSO SEE THE REHABILITATION ACT OF 1973, 29 U.S.C. §701 (2012) AND CHAPTER 28 OF THE JLM, "RIGHTS OF PRISONERS WITH DISAB-ILITIES"

DEFENDANT PUCKETT KNEW OF THE PLAINTIFF'S DISABILITIES THROUGH AN "ACTION REQUEST" AND TALKING TO THE PLAINTIFF FACE-TO-FACE, BUT DID NOTHING TO STOP OR FIX IT.

DEFENDANT KILKELLY DENIED THE PLAINTIFF RIGHT TO PARTICIPATE IN RELIGIOUS SERVICE. NONE OF THE DEFENDANTS

(9)

ARE ENTITLED TO QUALIFIED IMMUNITY. THEY ALL VIOLATED THE PLAINTIFF'S RIGHTS.

PLAINTIFF HAVE ESTABLISH THAT THE RIGHTS HE CLAIMS WERE VIOLATED BY DEFENDANTS COLLINS, PUCKETT AND KILKELLY, AND THEY ARE NOT ENTITLED TO QUALIFIED IMMUNITY, AND THERE-FOR SUMMARY JUDGMENT SHOULD NOT BE GRANTED.

### CONCLUSION

FOR THE FOREGOING REASONS, PLAINTIFF RESPECTFULLY REQUEST THAT DEFENDANTS MOTION FOR SUMMARY JUDGMENT BE DENIED.

RESPECTFULLY SUBMITTED,

Todd Edmonds

TODD E. EDMONDS #174240
L.L.C.C
P.O. BOX 6
LAGRANGE KY, 40031

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON APRIL 15, 2026 A TRUE COPY OF THE FOREGOING WAS MAILED BY U.S. MAILED TO:

COURT CLERK
601 W. BROADWAY, ROOM 106
GENE SNYDER UNITED STATES COURT HOUSE  LOUISVILLE, KY, 40202

(10)

MIKE O'CONNELL
JEFFERSON COUNTY ATTORNEY

RICHARD ELDER
ASSISTANT JEFFERSON COUNTY ATTORNEY
200 S. FIFTH STREE, SUITE 300N
LOUISVILLE, KY 40202

(11

Todd Edmonds #174240
L.L.C.C.
P.O. BOX 6
LAGRANG, KY, 40031

FILED
JAMES J. VILT, JR. - CLERK

APR 21 2026

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

LEGAL MAIL

CLERKS OFFICE
UNITED STATES COURT HOUSE
601 W. BROADWAY, ROOM 106
GENE SNYDER UNITED STATES COURT HOUSE
LOUISVILLE, KY, 40202