EXHIBIT (D)

4.      Collins incorporates by reference as if fully set forth therein the foregoing preliminary statements as to each of his discovery responses.

### RESPONSES TO REQUESTS FOR ADMISSION

1.      It is your responsibility as Director to assure the health and safety of all inmate housed in the jail.

ADMIT/DENY:  Collins objects to this request to the extent that it is overly vague, conclusory, argumentative, employs ambiguous language, calls for Collins to issue a legal conclusion concerning his duties and obligation under the alleged circumstances, and fails to define its terms.  Without waiving the foregoing objections and subject thereto, Collins admits that he has a position of high-level planning and supervision regarding the jail, that this position comes with various and complex responsibilities, and one of the highest priorities of his position, as a general matter, relates to maintaining the health and safety of inmates housed in the jail.

2.      It is your responsibility to assure your subordinates are properly trained.

ADMIT/DENY:  Collins objects to this request to the extent that it is overly vague, conclusory, argumentative, employs ambiguous language, calls for Collins to issue a legal conclusion concerning his duties and obligation under the alleged circumstances, and fails to define its terms.  Without waiving the foregoing objections and subject thereto, Collins admits that he has a position of high-level planning and supervision regarding the jail, that this position comes with various and complex responsibilities, and one of his responsibilities is to supervise and offer leadership as it relates to training jail employees.

3.      You have received the many letters inmate Edmonds have written you concerning the problem he have had in the jail.

ADMIT/DENY: Collins objects to this request as it is vague, ambiguous, overbroad, fails to define its terms, fails to define "problem", asks the Defendant to speculate as to the information sought, fails to specify a reasonable time period for the information sought or the letters referenced, fails to specify the "letters" he references, and assumes facts not established regarding problems in the jail. Without waiving the foregoing objections and subject thereto, Collins admits that he has received some letters from Mr. Edmonds but does not know if he has received all of them.

4. It is your responsibility to assure accessible housing for all inmates

ADMIT/DENY: Collins objects to this request as it is vague, ambiguous, overbroad, argumentative, confusing as worded, fails to define its terms, fails to define "accessible," asks the Defendant to speculate as to the information sought to the extent it uses the word "accessible," improperly seeks an admission of fault, and calls for Collins to issue a legal conclusion concerning his duties and obligation under the alleged circumstances. Collins will assume that Plaintiff means to say "handicap-accessible." Without waiving the foregoing objections and subject thereto, Collins admits that he has a position of high-level planning and supervision regarding the jail, that this position comes with various and complex responsibilities, and one of his responsibilities is to address and offer leadership as it relates to the handicap-accessibility of jail facilities.

5. It is your responsibility to assure all inmates receive proper medical care.

ADMIT/DENY: Collins objects to this request as it is vague, ambiguous, overbroad, argumentative, confusing as worded, fails to define its terms, improperly seeks an admission of fault, and calls for Collins to issue a legal conclusion concerning his duties and obligation under the alleged circumstances. Without waiving the foregoing objections and subject

thereto, Collins refers Plaintiff to his Answer to Request for Admissions No. 1. Furthermore, Collins states that Louisville Metro Department of Corrections has sub-contracted the providing of medical care to jail inmates to Wellpath.

6. There are policies in place to assure handicap/disable inmates to be housed in accessible housing.

ADMIT/DENY: Collins objects to this request as it is vague, ambiguous, overbroad, and fails to define its terms. Without waiving the foregoing objections and subject thereto, Collins admits.

7. You had information indicating that unconstitutional practices were taking place in "your" jail by some of your subordinates and you ignore it.

ADMIT/DENY: Deny.

8. It is your responsibility your subordinates do not violate inmates rights. This includes classification personnel and medical personnel.

ADMIT/DENY: Collins objects to this request as it is vague, ambiguous, overbroad, argumentative, confusing as worded, fails to define its terms, improperly seeks an admission of fault, assuming facts not established, asks Collins to speculate as to the information sought to the extent it uses the word "responsibility," and calls for Collins to issue a legal conclusion concerning his duties and obligation under the alleged circumstances. To the extent that a response is required, Collins denies.

9. You do receive the letters inmates write you.

ADMIT/DENY: Collins objects to this request as it is vague, ambiguous, overbroad, fails to specify a reasonable time period for the information sought, and asks Collins to speculate as to the information sought. Without waiving the foregoing objections and subject

ADMIT/DENY: Collins objects to this request as it is vague, ambiguous, overbroad, argumentative, confusing as worded, fails to define its terms, improperly seeks an admission of fault, assumes facts not established, and fails to clarify with sufficient detail the information sought. More specifically, Collins cannot answer this request as it fails to specify the context in which he is being asked to admit knowledge, including when Collins knew of any alleged medical needs or how they were caused. To the extent that a response is required, Collins denies. Collins is currently aware that Plaintiff has made that assertion.

13.     You did know that religious services was not offered to inmates housed in the medical unit until June 2023.

ADMIT/DENY:  Collins objects to this request as it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; the request is vague, ambiguous, overbroad, fails to define its terms, improperly seeks an admission of fault, fails to specify a reasonable time period for the information sought, and assumes facts not established. Without waiving the foregoing objections and subject thereto, Collins denies that religious services were not offered in the medical unit.  Collins admits that some religious services were not available to inmates housed in the medical unit during certain time periods.

14.     Some of your subordinates are using housing of inmates as part of punishment.

ADMIT/DENY:  Collins objects to this request as it is vague, ambiguous, overbroad, argumentative, fails to define its terms, fails to specify a reasonable time period for the information sought, and improperly seeks an admission of fault.  Without waiving the foregoing objections and subject thereto, Collins denies this request as worded.

15.     That someone from the Mayor's office contacted you or one of your subordinates in July 2023 concerning Edmonds housing in a non-accessible housing unit.

**ADMIT/DENY:** Collins objects to this request as it is vague, ambiguous, confusing as worded, fails to define its terms, fails to define "non-accessible housing unit." Without waiving the foregoing objections and subject thereto, Collins admits that he received a message from an employee of the Mayor's office in April 2023 regarding Mr. Edmonds.

16. You are not aware of all the unprofessional conduct your subordinates carry out each day on inmates.

**ADMIT/DENY:** Collins objects to this request as it is vague, ambiguous, overbroad, argumentative, confusing as worded, fails to define its terms, asks Collins to speculate as to what he *does not* know, fails to specify a reasonable time period for the information sought, improperly seeks an admission of fault, assumes facts not established, and calls for Collins to issue a legal conclusion concerning his duties and obligation under the alleged circumstances. To the extent that a response is required, Collins denies.

17. You don't care how your subordinates treats inmates.

**ADMIT/DENY: Deny.**

Respectfully submitted,

MICHAEL J. O'CONNELL
JEFFERSON COUNTY ATTORNEY

/s/ Joseph R. Abney
JOSEPH R. ABNEY
Assistant Jefferson County Attorney
First Trust Center
200 S. Fifth Street, Suite 300N
Louisville, KY  40202
(502) 574-1423
Joseph.Abney@louisvilleky.gov
*Counsel for Louisville/Jefferson County Metro Government*